IN THE MATTER OF ISAAC B. CULVER AND SAMUEL A. HETFIELD, APPELLANTS, *v.* THE VILLAGE OF FORT EDWARD, RESPONDENT.

*Village of Fort Edward — Town bonds — majority of taxable inhabitants — vote of — what constitutes — Chap. 953 of 1867 — chap. 317 of 1868.*

Chapter 953 of 1867 as amended by chapter 317 of 1868, authorizing the village of Fort Edward to issue bonds, requires that notice of the special election, provided for in said acts, should be published for at least two weeks previous to the time appointed for such election.

No bonds can be issued under the provisions of said acts unless a majority of all the taxable inhabitants of the village shall vote so to do. The consent of a majority of all those who attend the meeting is not sufficient.

APPEAL from an order made at the Special Term, denying a motion for a peremptory mandamus commanding the respondent to issue its bonds for $20,000 in aid of the Glens Falls Railroad Company, as authorized by chapter 953 of 1867, as amended by chapter 317 of 1868.

*Beach & Brown,* for the appellants.

*Milliman & Matthews,* for the respondent.

*By the Court:*

The application for a mandamus was properly denied if the modes prescribed by the legislature, as conditions to the issue of the bonds by the village, were not complied with. The ends to be accomplished being in derogation of the common law and of the rights of the citizens not consenting thereto, should be strictly construed.

By the act of 1867, chapter 953, notice of the meeting of the taxable electors was required to be published "for at least two weeks previous to the time appointed for such election." Within the time required for action by this law nothing was done. By chapter 317 of the laws of 1868 the statute of 1867 was amended, extending the time within which action might be taken by the village of Fort Edward, " by publishing a notice of such meeting in all the newspapers published in said village." By the third section of the act " all the provisions of said act (of 1867) as to

the qualifications of voters and the mode of voting and holding of the election not inconsistent with the foregoing provisions, and all the other provisions not inconsistent herewith, are hereby made applicable to the village of Fort Edward."

We think this made it necessary to publish the notice in all the papers "for at least two weeks previous to the time appointed for such election," and that a publication eleven days previous would not be a compliance with the requirements of the law. This seems to us the natural and fair construction of the two acts in this respect.

By section 1 of the act of 1868, it is provided that "the taxable inhabitants of said village may at such meeting by a majority vote decide to raise," etc. By section 2 this expression is used: "And in case a majority of the taxable inhabitants shall vote," etc.; "the trustees shall be commissioners," etc. The trustees contend that this language requires a majority of all the taxable inhabitants and not merely a majority of such as choose to attend and vote at such meeting. It is conceded that a majority of all the taxable inhabitants did not vote to raise the money or issue the bonds.

This view of the trustees seems to us to be correct. We do not think it was the intent of the legislature to allow this obligation to be created against the corporation by a minority of the taxable inhabitants. Such a purpose would be in hostility to all similar legislation touching the bonding of towns, cities and villages in aid of railroads, and if intended, would have been made clear by the use of language indicating such intent, as for example: a majority of all the taxable inhabitants voting at such meeting. The language used plainly imports a majority of all the inhabitants, whether voting or not voting. This construction is confirmed by a reference to chapter 32 of the Laws of 1868, relating to this same subject, whereby it was required that the majority of the taxable inhabitants required should represent a majority of the taxable property to be determined by the last assessment roll. This last requirement was struck out by the provisions of chapter 317 of that year, enacted a month later, but in other respects chapter 32 is followed by chapter 317.

For these reasons we think the legislature intended to require, and by chapter 317 did require, a majority of all the taxable inhabitants of said municipality as a condition precedent to the

right of the trustees to issue bonds or raise money in aid of this railroad.

If these conclusions are correct it is unnecessary to consider the other points taken by counsel, and the order appealed from should be affirmed, with ten dollars costs and expenses of printing.

Present — LEARNED, P. J., BOARDMAN and BOCKES, JJ.

Order affirmed, with ten dollars costs and expenses of printing.